UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>LUIS ENRIQUE RODRIGUEZ-MAGANA,<br><br>              Defendant. | No. CR-06-6035-FVS<br><br>ORDER |

**THIS MATTER** comes before the Court based upon the defendant's motion to dismiss. He is represented by Alex B. Hernandez, III; the government by Thomas Hanlon.

**BACKGROUND**

The defendant is a citizen of Mexico. Once during 1998 and once during 1999, a Special Agent of the Immigration and Naturalization Service ("INS[1]") offered him the opportunity to voluntarily depart the United States. 8 C.F.R. § 240.25. Each time, he departed voluntarily and returned illegally. On March 22, 2000, the INS issued a Notice to Appear alleging that he was subject to removal. He appeared before an Immigration Judge ("IJ") on October 24, 2000. The IJ asked him whether he wanted to depart voluntarily. He said that he did. The attorney representing the INS objected. She argued that he was

---

[1]The INS's enforcement functions have been transferred to the Bureau of Immigration and Customs Enforcement. *Cordes v. Gonzales*, 421 F.3d 889, 892 n.2 (9th Cir.2005).

ORDER - 1

ineligible because, twice before, he had been granted voluntary departures. The IJ entered an order directing the INS to remove the defendant from the United States. The defendant has not appeared before an IJ since then. However, he has continued to return illegally to the United States. On two occasions, the INS has reinstated the IJ's order of October 24, 2000, and removed the defendant from the United States. 8 C.F.R. § 241.8. Each time, it was a representative of the INS, not an IJ, who reinstated the order. The second of the two reinstatements occurred on April 18, 2002. This is the order that forms the basis of the instant charge. The defendant challenges both the authority of the INS to reinstate the order of October 24, 2000, and the validity of the order itself. The Court will begin with the second issue, *viz.*, whether the IJ properly entered a removal order instead of allowing the defendant to depart voluntarily.

**8 U.S.C. § 1229c(c)**

"The Attorney General shall not permit an alien to depart voluntarily under this section if the alien was previously permitted to so depart after having been found inadmissible under section 1182(a)(6)(A) of this title." 8 U.S.C. § 1229c(c). Not every voluntary departure triggers 1229c(c); rather, it is the voluntary departure that occurs after a person has been found inadmissible under 8 U.S.C. § 1182(a)(6)(A). As the defendant points out, only an IJ may make a finding of inadmissibility. 8 U.S.C. § 1229a(a). *Cf. De Sandoval v. U.S. Attorney Gen.*, 440 F.3d 1276, 1281 (11th Cir.2006) ("Section 1229(a) indisputably requires an immigration judge to

conduct hearings to determine whether aliens are removable in the first instance."). Thus, it stands to reason that 8 U.S.C. § 1229c(c) is triggered only where an IJ determines that a person is inadmissible and, either contemporaneously or at some point thereafter, the person departs voluntarily. In this case, neither the defendant's 1998 departure nor his 1999 departure followed a finding of inadmissibility by an IJ. That being so, neither departure triggered § 1229c(c). The IJ erred by ruling otherwise.[2] This does not necessarily mean the defendant is entitled to collateral relief. He must demonstrate that he suffered prejudice as a result of the IJ's error. *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 (9th Cir.2004).

**8 U.S.C. § 1229c(a)**

On March 31, 2000, the defendant was convicted in state court of the crime of unlawful possession of a firearm. RCW 9.41.040(1)(a). If this conviction constitutes an "aggravated felony," the defendant was ineligible for voluntary departure on October 24, 2000. 8 U.S.C. § 1229c(a); 8 U.S.C. § 1227(a)(2)(A)(iii). In that event, he suffered no prejudice even assuming the IJ's interpretation of 8 U.S.C. § 1229c(c) was incorrect.

The term "aggravated felony" is defined by 8 U.S.C. § 1101(a)(43). The first step in determining whether RCW 9.41.040(1)(a) qualifies as an aggravated felony is to perform a categorical comparison of its elements and the elements of a crime that is

---

[2] Were the government's interpretation correct, the 1998 departure would have triggered 8 U.S.C. § 1229c(c). But if the 1998 departure triggered § 1229c(c), then the Service lacked authority to grant another departure in 1999.

ORDER - 3

included in 8 U.S.C. § 1101(a)(43).  *See, e.g., Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir.2002) (citations omitted).  The crime in 8 U.S.C. § 1101(a)(43) with which RCW 9.41.040(1)(a) is most similar is 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).  However, the government declines to compare the elements of RCW 9.41.040(1)(a) with the elements of 18 U.S.C. § 922(g)(1).  Instead, the government compares the elements of RCW 9.41.040(1)(a) with the elements of 18 U.S.C. § 922(g)(5) (unlawful alien in possession of a firearm).

Under the categorical approach, RCW 9.41.040(1)(a) qualifies as an aggravated felony only if the full range of conduct that RCW 9.41.040(1)(a) covers is no broader than the range of conduct that 18 U.S.C. § 922(g)(5) covers.  *Li v. Ashcroft*, 389 F.3d 892, 895-96 (9th Cir.2004).  As noted above, 18 U.S.C. § 922(g)(5) prohibits an illegal alien from possessing a firearm in the United States.  A comparison of the elements of RCW 9.41.040(1)(a) and 18 U.S.C. § 922(g)(5) reveals that the two statutes differ in significant respects.  A person does not have to be an alien or be in the United States illegally in order to violate RCW 9.41.040(1)(a).[3]  He does not have to have a felony conviction or its equivalent in order to violate 18 U.S.C. § 922(g)(5).  Consequently, under the categorical approach, RCW

---

[3]This statute states:

> A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any serious offense as defined in this chapter.

ORDER - 4

9.41.040(1)(a) does not qualify as an aggravated felony when compared to 18 U.S.C. § 922(g)(5).

It is appropriate, then, to proceed to the modified categorical approach. *Li*, 389 F.3d at 896. Under this approach, the Court may conduct a limited examination of documents in the state-court record in order to determine whether there is sufficient evidence to conclude that the defendant was convicted of the elements of 18 U.S.C. § 922(g)(5). *See Chang*, 307 F.3d at 1189-92. This Court may not look outside the state court record. *See Li*, 389 F.3d at 897-98. In state court, the defendant did not admit that he is an alien, much less that he is in the United States illegally. Thus, the 2000 state-court conviction does not qualify as an aggravated felony; at least not when compared to 18 U.S.C. § 922(g)(5). *Cf. Li*, 389 F.3d at 899 (Kozinski, J., concurring) ("when the crime of conviction is broader because it is missing an element of the generic crime altogether, we can never find that 'a jury was actually required to find all the elements of' the generic crime" (quoting *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990))). It follows that, given the position taken by the government in this proceeding, the defendant was eligible for voluntary departure when he appeared before the IJ on October 24, 2000.

The government does not disagree with the defendant's contention that a person suffers prejudice if an IJ denies him the opportunity to depart voluntarily when he is both eligible to do so and wants to do so. Since the defendant suffered prejudice as a result of the IJ's error, he is entitled to collateral relief. *See Ortiz-Lopez*, 385 F.3d

ORDER - 5

at 1204.  The removal order of October 24, 2000, is invalid.

**IT IS HEREBY ORDERED:**

The defendant's motion to dismiss (**Ct. Rec. 25**) is granted.  The indictment is dismissed.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___29th___ day of November, 2006.

                            s/Fred Van Sickle
                              Fred Van Sickle
                    United States District Judge

ORDER - 6